## BEALL v. SHAULL *et al.*

Decided July 1, 1881.

(*PATTON, JUDGE, Absent.)

1. The statute does not exclude a witness because of interest, unless he is to be examined in the cause in his own behalf.

2. A deed is made from a father to his son of land for about half its value with the fraudulent purpose of hindering, delaying and defrauding his creditors. A deed of trust is executed at the same time to secure the payment of the bond for the purchase-money, which bond is assigned to a third person. The trustees in the deed of trust advertise the land for sale, and a creditor of the father at the time of the conveyance to the son obtains an injunction to prohibit the sale of the land by the trustee. HELD: The injunction ought not on motion be dissolved, whether the third person, to whom the bond was assigned, was or was not a party to the fraud.

3. If a bill in part a bill of injunction be multifarious, that objection cannot be made on a motion to dissolve the injunction. It must be made at the hearing.

*Submitted before Judge Patton took his seat.

Appeal from and *supersedeas* to an order of the circuit court of the county of Jefferson, rendered on the 16th day of June, 1879, in a cause in said court then pending, wherein Thomas B. Beall was complainant and Nicholas S. Shaull and others were defendants, allowed upon the petition of said Beall.

Hon. John Blair Hoge, judge of the third judicial circuit, made the order appealed from.

JOHNSON, PRESIDENT, furnishes the following statement of the case:

In May, 1879, Thomas B. Beall, who sued for himself and all other creditors of Nicholas S. Shaull, filed his bill in equity in the circuit court of Jefferson county, in which he alleged, that on the 1st day of January, 1873, John J. Shaull and Nicholas S. Shaull executed their bond to complainant Beall for $600.00 payable one year after date, which bond was still due and unpaid; that on the 1st day of December, 1870, said Nicholas S. Shaull executed his bond for $546.15 to Mary E. Bowers, which is still unpaid; that for the purpose of hindering, delaying and defrauding his creditors said Nicholas S. Shaull conveyed on the 4th day of December, 1874, a tract of ninety-two acres to his son-in-law, James W. Benner and Mary E., his wife, and on the same day made with said Benner and his wife in aid of said fraud a contract in writing, exhibited with the bill, by which he secretly reserved in fraud of his creditors an interest to himself in said land; that said Shaull did further with the same fraudulent intent on the 3d day of September, 1875, convey to his son, Thomas Shaull, two hundred and thirteen acres of valuable land for the consideration of $6,000.00 as expressed in the deed; that said consideration was not truly expressed; that a part thereof was intended as a gift to his said son, Thomas, to the injury of the creditors of said Nicholas and with the intent to defraud them; that said deed was executed to said Thomas with the understanding, that he was not to pay the said sum of $6,000.00, but that said Thomas did assume to pay to one J. W. Stewart the sum of $3.500.00, and that said Stewart, now deceased, knowing the relations existing between the father

and the son, and to aid in furthering their fraudulent purpose, proposed to loan to Nicholas S. Shaull the sum of $3,50000.; that Thomas Shaull executed to said Nicholas S. Shaull a deed of trust, which was assigned to said Stewart. The bill also charges usury in the loan from Stewart, and that the whole scheme was fraudulent and usurious, and that said Stewart, participated therein; that it will be necessary to sell both of said tracts of land to satisfy the debts of said Nicholas S. Shaull existing prior to the date of the said fraudulent deeds; that complainant is advised, that William and Robert Stewart, executors of the will of J. W. Stewart, deceased, are about to sell the real estate "covered by the deed of trust from Thomas Shaull to Nicholas S. Shaull, which deed of trust was assigned to J. W. Stewart in his lifetime; that a sale with a cloud hanging over the title would rob the creditors of said Nicholas S. Shaull. The trustee in said deed, G. M. De L. Smith, and other proper parties were made defendants; and the prayer of the bill is, that said two deeds to Benner and wife and to Thomas Shaull be declared void, and the whole property of Nicholas S. Shaull be subjected to the payment of his just debts, and that the case be referred to a commissioner to ascertain the priorities, etc. and that the trustee be enjoined from selling under the trust, and that the trust-debt held by the executors of J. W. Stewart be purged of the usury therein; and for general relief.

The executors of J. W. Stewart filed their answer, denying the fraud charged in the bill, and denying that their testator participated in or had any knowledge of such fraud, if any such existed. They also deny the usury charged in the bill. It also appears by an exhibit filed with said answer, that on the 23d day of September, 1875, Thomas Shaull and wife executed to the same trustee, G. M. De L. Smith, a deed of trust on the same two hundred and thirteen acres to secure to Mary E. League the sum of $500.00, and to Mary E. Bowers the sum of $546.15. It appears from the evidence and pleadings, that both sums were debts of Nicholas S. Shaull, and the trust-deed was given to prevent suit being brought to set aside the deed from Nicholas Shaull to Thomas Shaull. The defendants, Thomas Shaull and Nicholas Shaull, each filed a separate answer to the bill,

in which each admits the fraud substantially as charged in the bill, and also the usury, as in the bill charged. The depositions of the said Thomas and Nicholas are also taken, from which, it seems to me, it abundantly appears, that the deeds from Nicholas S. Shaull to Benner and wife and to Thomas Shaull were both executed for the purpose of hindering, delaying and defrauding the creditors of the said Nicholas.

On the 16th day of June, 1879, a motion was heard before the judge of the circuit court of Jefferson county in vacation to dissolve the injunction, which had been granted according to the prayer of the bill, and the order proceeds: "This cause came on * * * on bill and exhibits filed therewith, process duly executed on all the parties defendant, the answer of W. T. Stewart and Robt. H. Stewart, ex'ors of John W. Stewart, deceased, with exhibits accompanying same, separate answers of Nicholas S. Shaull and Thomas M. Shaull, and upon the motion of John W. Stewart's ex'ors to dissolve the injunction, &c., * * *," and then dissolved the injunction.

From and to this order an appeal and *supersedeas* was granted.

*William H. Travers and Grove & Brown*, for appellant cited the following authorities: High on Inj. 528, 529, 530; *Id.* 535; *Id.* 5; 22 Ga. 275; 1 Beas. 179; Bump on Fraud. Con. 533; 8 Gratt. 530; 10 Gratt. 165; 9 W. Va. 552; 10 W. Va. 206; 2 Gratt. 3.

*Baylor and Wilson*, for appellees cited the following authorities: 1 Johns. Chy. 261; 11 Leigh 154; 26 Gratt. 926; 8 Ind. 352; 10 Wheat. 367; 5 Leigh 478; 9 Pet. 204; 26 Gratt. 936.

JOHNSON, PRESIDENT, announced the opinion of the Court:

The only question in this case is, whether the order made by the judge of the circuit court of Jefferson county in vacation on the 16th day of June, 1879, upon the motion of the executors of John W. Stewart to dissolve the injunction awarded by the circuit court of Jefferson county on the 2d day of May, 1879, enjoining the trustee, G. M. De L. Smith, from selling the land conveyed by Nicholas S. Shaull to Thomas M. Shaull

on Sept. 3, 1875, under the deed of trust of that date, should be reversed and annulled.

The deposition of Thomas M. Shaull was taken to prove, that this deed and deed of trust were executed with the fraudulent purpose of hindering, delaying and defrauding the creditors of Nicholas S. Shaull. This deposition is objected to, on the ground that he cannot testify as to transactions had between him and John W. Stewart in his lifetime, he being then dead. Our statute, see Code W. Va. ch. 130 § 23, II., prohibits him from testifying in his own behalf; but there can be no legal objection to his testifying against his own interest. *McMechen* v. *McMechen*, 17 W. Va. 683. By his testimony it was shown, that the deed by his father, Nicholas S. Shaull, made to him on September 3, 1875, was made to hinder, delay and defraud the creditors of said Nicholas S. Shaull; and that the deed of trust of the same date to G. M. De L. Smith, trustee, executed by him, was a part and parcel of the same fraudulent transaction. This evidence is obviously against his own interest. If true, it will deprive him of this land, and still leave him liable to pay the $3,500.00 bond held against him by the executors of John W. Stewart. The deed to him being proven to be fraudulent, it seems clear to me, that the plaintiff, a creditor of Nicholas S. Shaull at the time this fraudulant deed was made, had a right to enjoin the sale by the trustee under the deed of trust, made at the same time and a part of the same fraudulent transaction, whether the *cestui que trust*, John W. Stewart, the assignee of Nicholas S. Shaull, was or was not party to this fraud; and therefore the injunction ought not to have been dissolved on the said motion made in vacation. If the deed from Nicholas S. Shaull to his son, Thomas M. Shaull, was, as he says, fraudulent, this land is still the property of Nicholas S. Shaull and should be subject to the payment of the plaintiff's debt.

It would not be proper for this court at this time to express any opinion, as to whether this land should also be held liable to the payment of the $3,500.00 bond, now held by the executors of said Stewart, or whether its liability to the payment of this bond would or would not depend upon the question, whether the said John W. Stewart was or was not a party to the fraud, or had notice thereof; or whether, if such liability

exist, it would be superior or inferior to the plaintiff's right to subject the said bond to the payment of his debt. These questions can only be properly decided, when this cause is heard by the court; and that is the only proper time to consider and decide other questions, which have been urged upon this court for its decision ; such question, as for instance, whether there was usury in this debt of $3,500.00 or whether, if there was, the plaintiff had a right to have it expunged; or whether the bill was or was not multifarious. *Shirley* v. *Long,* 6. Rand. 764.

I am therefore of opinion, that the order of the judge of the circuit court of Jefferson county, made June 16, 1879, in vacation, should be set aside, reversed and annulled, and that the appellant, Thomas B. Beall, should recover of the appellees, W. T. Stewart and Robt. H. Stewart, executors of John W. Stewart, deceased, his costs incurred in this Court, to be paid out of the assets of their testator in their hands to be administered ; and that this cause be remanded to the circuit court of Jefferson county to be further proceeded in according to the principles governing courts of equity.

JUDGES GREEN AND HAYMOND CONCURRED.

ORDER REVERSED.   CAUSE REMANDED.